IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| ALBERT CRAMER, | **MEMORANDUM DECISION & ORDER DENYING HABEAS CORPUS PETITION** |
| Petitioner, | |
| v. | Case No. 2:07-CV-681 DAK |
| STATE OF UTAH, | District Judge Dale A. Kimball |
| Respondent. | |

---

Petitioner, Albert Cramer, an inmate at Utah State Prison, petitions for habeas corpus relief.[1] The Court denies him.

BACKGROUND

Petitioner was convicted in Utah state court of two counts of aggravated sexual abuse of a child, for which he was sentenced to two terms of five years to life. His conviction was upheld by the Utah Supreme Court,[2] where he raised these arguments of trial court error: (1) not allowing the defendant to examine the victim's mental health records; and (2) not granting the defendant's motion for new trial based on witness tampering.[3] The first argument contained two parts--the first based on the Utah Constitution and the second based on the materiality standard of *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987).[4] Because Petitioner had not included the mental health records in

---

[1] *See* 28 U.S.C.S. § 2254 (2011).

[2] *State v. Cramer*, 44 P.3d 690, 692 (Utah 2002).

[3] *Id.*

[4] *Id.* at 695-96.

the appellate record, the supreme court did not reach the merits of the second part.[5]

Petitioner later filed a state petition for post-conviction relief, in which he raised several issues. After relief was denied below, Petitioner filed a certiorari petition in the Utah Supreme Court. There, he brought but one challenge: "Whether the unique Utah Constitutional guarantee 'to testify in [one's] own behalf,' for which there is no federal corollary, should be interpreted to require an on-the-record colloquy to ensure that an accused is fully informed of the right to testify as other states with similar state constitutional provisions require."

Here, Petitioner raises the following issues: (1) his trial attorney was ineffective in not (a) properly investigating, contacting, or calling the witnesses Petitioner requested, (b) using the victim's mental-health records to impeach the victim's testimony, and (c) telling Petitioner he had the right to testify; (2) he was denied access to the victim's mental-health records; and (3) he was denied timely due process by the Utah Department of Child and Family Services.

The State responded to the petition, arguing that all grounds are procedurally defaulted. The Court agrees.

---

[5]*Id.* at 696-97.

ANALYSIS

I. Procedural Default

In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in the Utah courts.[6] This means Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief.[7] Here, Petitioner did not present his issues to the highest court available, the Utah Supreme Court.

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief."[8]

The issues Petitioner raises here are now ineligible to be exhausted in the Utah courts. Utah's Post-Conviction Remedies Act (PCRA) states, "A person is not eligible for relief under this chapter upon any ground that . . . could have been but was

---

[6]*See* 28 U.S.C.S. § 2254(b) & (c) (2011); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998) (unpublished).

[7]*See Picard*, 404 U.S. at 275-76.

[8]*Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

3

not raised at trial or on appeal."[9] The grounds Petitioner presents could have been brought on appeal and are therefore disqualified for state post-conviction relief now. These issues are thus procedurally barred from state supreme court consideration.

And, the one issue here that was arguably taken before the supreme court--under *Ritchie*,[10] denial of access by Petitioner to the victim's mental-health records--was rejected on a procedural ground (failure to include the records in the appellate record), not the merits, so it has also been procedurally defaulted.[11] This Court has reviewed the question of whether this is an adequate procedural ground and determined that it is.[12]

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an

---

[9] Utah Code Ann. § 78B-9-106(1) (2011); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000) ("Oklahoma bars collateral review of claims . . . that could have been raised on direct appeal but were not. Accordingly, [petitioner] has defaulted his claim . . . .").

[10] 480 U.S. at 39.

[11] *See Bunton v. Atherton*, 613 F.3d 973, 988-89 (10th Cir. 2010).

[12] *See* Utah R. App. P. 11(e)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion. Neither the court nor the appellee is obligated to correct appellant's deficiencies in providing the relevant portions of the transcript."); *State v. Nine Thousand One Hundred Ninety-Nine Dollars*, 791 P.2d 213, 217 (Utah Ct. App. 1990) ("Since counsel failed to provide this court with all relevant evidence bearing on the issues raised on appeal, as required by Utah R. App. P. 11(e)(2), we can only presume that the judgment was supported by sufficient evidence." (internal citations omitted)); *Sampson v. Richins*, 770 P.2d 998, 1002-03 (Utah Ct. App. 1989) ("In essence, Rule 11 directs counsel to provide this court with all evidence relevant to the issues raised on appeal.").

independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'"[13] Construing the petition liberally as it must, the Court infers that Petitioner possibly argues cause and prejudice and a fundamental miscarriage of justice justify his procedural default.

"[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules."[14] Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage.'"[15]

Petitioner possibly asserts that ineffective assistance of counsel in his state post-conviction proceedings--i.e., counsel's failure to raise in his certiorari petition issues aside from his right to testify--satisfies the cause-and-prejudice standard. However, "[t]here is no constitutional right to an attorney in state post-conviction proceedings,"[16] and, so, state post-

---

[13]*Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted).

[14]*Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted).

[15]*Butler v Kansas*, No. 02-3211, 2002 WL 31888316, at *3 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

[16]*Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

5

conviction counsel's performance cannot be the basis of an ineffectiveness claim that would establish cause and prejudice excusing a procedural default.[17] Petitioner has not met his burden of showing that objective factors external to the defense hindered him in meeting state procedural demands. Nor does he at all hint how he was *actually* and substantially disadvantaged.

Finally, Petitioner suggests that a miscarriage of justice will occur if this Court does not address the defaulted claims in his petition. To be plausible, an actual-innocence claim must be grounded on solid evidence not adduced at trial.[18] Because such evidence is so rare, "'in virtually every case, the allegation of actual innocence has been summarily rejected.'"[19] Petitioner is burdened with making "a proper showing of factual innocence."[20]

Petitioner's mere rehashing of the evidence and alleged violations of his civil rights in state proceedings do nothing to convince this Court that the exception applies. Indeed, the kernel of the Court's analysis regarding actual innocence is not

---

[17]*Id.*; *Cummings v. Sirmons*, 506 F.3d 1219, 1223 (10th Cir. 2007) ("[A]lthough [petitioner] appears to be asserting that the attorney who represented him in his state post-conviction proceedings was ineffective for failing to raise the claim, that is insufficient to establish cause and prejudice because a criminal defendant is not constitutionally entitled to representation by counsel in state post-conviction proceedings.").

[18]*Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

[19]*Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (citation omitted)).

[20]*Byrns v. Utah*, No. 98-4085, 1998 WL 874865, at *3 (10th Cir. Dec. 16, 1998) (unpublished) (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1992)).

whether Petitioner urgently believes there were errors--or whether there were indeed errors--in the state proceedings, but whether Petitioner is factually innocent.  This factual innocence must also be supported with new evidence, which Petitioner has not provided.  All the evidence Petitioner has pointed to was either available at the time of his trial or is irrelevant to his factual innocence.

    In sum, the Court concludes that Petitioner's issues are procedurally defaulted.  And, these issues do not qualify for consideration under the cause-and-prejudice or miscarriage-of-justice exceptions to the procedural bar.  The Court thus denies Petitioner federal habeas relief.

    In sum, the Court determines Petitioner properly raised before the Utah Supreme Court none of the issues brought in this petition.  Because under state law those questions no longer qualify to be raised in Utah courts, the Court concludes that they are technically exhausted, barred by state procedural law, and procedurally defaulted in this federal habeas case.  Indeed, Petitioner has shown neither cause and prejudice nor a fundamental miscarriage of justice excusing his default.

CONCLUSION

     Petitioner's claims are procedurally barred.

     IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED.

          DATED this 17th day of February, 2011.

               BY THE COURT:

                         _____
                         DALE A. KIMBALL
                         United States District Judge